UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


BLUE CROSS & BLUE SHIELD OF
RHODE ISLAND,

    Plaintiff,                                  C.A. No. 09-317L

JAY S. KORSEN and IAN D. BARLOW,

    Defendants.


**MEMORANDUM AND ORDER**

RONALD R. LAGUEUX, Senior United States District Judge.

    This matter is before the Court on Plaintiff's Motion for
Reconsideration or, in the alternative, to Certify the Court's
interlocutory order for immediate appeal to the First Circuit,
pursuant to 28 U.S.C. § 1292(b).  Plaintiff urges the Court to
reexamine its October 27, 2010, ruling in this case,[1] which
denied Plaintiff's motion to remand the matter to State court.
For reasons explained below, the Court denies Plaintiff's
motions.

    Plaintiff Blue Cross & Blue Shield of Rhode Island ("Blue
Cross") initially sued two health care providers, Defendants Jay
Korsen, a chiropractor, and Ian D. Barlow, an occupational
therapist, in Rhode Island Superior Court in June 2009.  Blue
Cross's Complaint alleges four state law causes of action

---

    [1] This decision, including a more extensive recitation of
the factual background of the case, may be found under the same
caption at ___ F.Supp.2d ___ (D.R.I. 2010), 2010 WL 4230811.

resulting from a billing dispute over services rendered by Defendants to Blue Cross subscribers.  Blue Cross alleges that Defendants treated its subscribers with motorized massage equipment, a non-covered service, but then misidentified the service as "mechanical traction" in its bills to Blue Cross in order to obtain compensation for an unauthorized service.  This practice, which Blue Cross alleges was knowingly fraudulent, went on for over six years, involved charges made in connection with over 1500 patients, and resulted in wrongful payments to Defendants of $412,952.93.  In a counterclaim, Defendants allege that Blue Cross attempted to recoup the disputed funds by withholding payment on subsequent unrelated claims submitted by Defendants.

Count I of Plaintiff's Complaint alleges that Defendants breached their (separate) Provider Agreements with Plaintiff, by submitting claims for unauthorized services, and, in the case of Defendant Korsen, by terminating the Provider Agreement without proper notice to Blue Cross.  Count II is for fraud based on false and fraudulent claims submitted by Defendants for compensation.  In Count III, Blue Cross alleges that Defendant Korsen made defamatory statements accusing Blue Cross of embezzling funds from him.  Count IV states a claim for tortious interference with advantageous relationships, alleging that Korsen communicated directly with entities that do business with

Blue Cross in an effort to damage its business relationships.

Defendants removed the case to this Court arguing that Blue Cross' state law claims for breach of contract and fraud are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*  On Plaintiff's motion to remand, this Court concurred with Defendants that Counts I and II of Plaintiff's Complaint are completely preempted by ERISA, which operates to convert the two counts into a single ERISA claim, pursuant to 29 U.S.C. § 1132(a)(3).  Consequently, the Court held that Defendants had made a colorable showing that the Court has original subject matter jurisdiction over the lawsuit, and that it is properly removable, pursuant to 28 U.S.C. § 1441(b).

### *The Court's reasoning*

In a nutshell, this Court arrived at its holding that Plaintiff's Counts I and II are completely preempted by ERISA in reliance on the Supreme Court's decision in <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200 (2004).  <u>Davila</u> sets forth a two-part test to determine when a state law claim is completely preempted by ERISA: 1) Could the claim have initially been brought under ERISA's provision § 502(a)?[2] and 2) Is there no independent legal duty violated by defendant's action?  If the answer to both questions is "yes," then the state law claim is completely

---

[2] 29 U.S.C. § 1132(a).

preempted; that is, converted to an ERISA claim.  542 U.S. at

210.

ERISA's section 502(a)(3) provides for ERISA Plan

participants, beneficiaries or fiduciaries to bring civil actions

to enjoin any practice which violates ERISA or the Plan, or to

obtain equitable relief.  29 U.S.C. § 1132(a)(3).  Finding first

that Blue Cross is an ERISA fiduciary, this Court held that Blue

Cross could have fashioned its breach of contract and fraud

claims as an action to enforce the terms of the applicable ERISA

Plans.  The terms of the ERISA Plans establish which medical

services are covered and which are not – the crux of this

dispute.

This Court next considered the Provider Agreements between

Blue Cross and the Defendants to determine whether or not these

Agreements set forth an independent legal duty separate from the

ERISA Plans.  The Provider Agreements import terms, concepts and

definitions from the ERISA Plans, particularly in the area of

what constitutes covered medical services.  As a result, it is

impossible to conclude that the Provider Agreements outline legal

duties that are wholly independent from the ERISA Plans.  The

application of <u>Davila</u>'s two-part test, then, led this Court to

hold that Blue Cross's claims for breach of contract[3] and fraud

---

[3] The portion of Count I that alleges that Korsen breached
the Provider Agreement when he terminated it without insufficient
notice is not completely preempted by ERISA. Likewise,

were both completely preempted by ERISA.

### *Plaintiff's Motion for Reconsideration*

Plaintiff has titled its Motion as one for Reconsideration, yet its argument focuses on its alternative request for certification for an interlocutory appeal. As Defendants have pointed out, a successful Motion for Reconsideration generally relies upon newly-available evidence or a demonstration that the Court made a clear error of law. Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). Although Blue Cross argues that the Court has misapprehended and misapplied Davila, it presents nothing new in connection with its argument. Given nothing novel to reconsider, the Court stands fast. Plaintiff's Motion to Reconsider is hereby denied.

### *Plaintiff's Motion to Certify*

Plaintiff seeks the Court's authorization to allow the issue of federal subject matter jurisdiction to be certified for immediate appeal to the First Circuit, pursuant to 28 U.S.C. § 1292(b). Although there are certain limited exceptions, "[t]he general rule is that interlocutory orders are not immediately reviewable but must await final judgment." Awuah v. Coverall North America, Inc., 585 F.3d 479, 480 (1st Cir. 2009). The exception provided in 28 U.S.C. § 1292(b) permits a district

---

Plaintiff's Counts III and IV are not subject to ERISA's complete preemption.

judge to apply to the Court of Appeals for review if the
following criteria are met: 1) the interlocutory order involves a
controlling issue of law; 2) that issue provides a "substantial
ground for difference of opinion;" and 3) an immediate appeal may
hasten the resolution of the lawsuit.  The party moving must
persuade first the district judge, then the Court of Appeals,
that all three criteria are met.  Even then, the decision to send
the appeal to the Court of Appeals, and the decision by the Court
of Appeals to accept it, are discretionary.  <u>Ungar v. the
Palestinian Authority</u>, 228 F.Supp. 2d 40, 50 (D.R.I. 2002);
<u>Cummins v. EG & G Sealol, Inc.</u>, 697 F.Supp. 64, 68 (D.R.I. 1988).

## *1) Controlling issue of law*

There can really be no dispute that the issue of federal
subject matter jurisdiction is a controlling, if not dispositive,
issue of law in this litigation.  A determination that Counts I
and II of Plaintiff's Complaint are completely preempted by ERISA
results in this case going forward in federal court, with one
ERISA count and two supplemental state claims.  Moreover, because
ERISA provides for equitable relief only, Plaintiff is no longer
eligible for compensatory damages for the two preempted counts.
29 U.S.C. § 1132.  On the other hand, a present determination
that Counts I and II are not completely preempted by ERISA would
result in the remand of this case to Rhode Island Superior Court,
with the possibility of an award of compensatory damages for the

prevailing party, or the possibility of the dismissal of the lawsuit in its entirety based upon ERISA's section 514(a), 29 U.S.C. § 1144(a).  If, after a trial on this matter in this federal Court, the First Circuit determines on appeal that ERISA complete preemption is not proper, the Court's jurisdictional decision would constitute reversible error, and the matter would then be remanded to state court.  Accordingly, this legal issue is a controlling one.

## 2) *Substantial ground for difference of opinion*

For this prong of the § 1292 certification test, Plaintiff reiterates its earlier arguments that: a) it could not have brought its claims under § 502 because it lacks the requisite standing; and b) that the Provider Agreements comprise a set of obligations between the parties that are independent of, and must be analyzed apart from, the ERISA Plans.  While Blue Cross' status as an ERISA fiduciary, as well as its correspondent right to bring a civil action pursuant under 29 U.S.C. 1132(a)(3), seem indisputable to the Court, Plaintiff's second argument is a compelling one.

Plaintiff explains that the ERISA Plans in question include mechanical traction as a covered benefit, but provide no further description as to what constitutes mechanical traction.  Whether or not the definition of mechanical traction includes treatment with motorized massage equipment will have to be resolved, not by

reference to the ERISA Plans, but by medical evidence and expert testimony. In a Ninth Circuit case cited by Plaintiff to support its argument, the Court wrote, "Where the meaning of a term in the Plan is not subject to dispute, the bare fact that the Plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision." Blue Cross of California v. Anesthesia Care Assoc., 187 F.3d 1045, 1051 (9th Cir. 1999); see also Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co., 215 F.3d 136, 141 (1st. Cir. 2000). Plaintiff has submitted additional cases where courts have found the connection between the ERISA Plan and the disputed issue in the litigation to be sufficiently attenuated to avoid complete preemption: Aetna Health Inc. v. Srinivasan, 2010 WL 5392697, Slip Copy, p. 3 (D.N.J. 2010)("...what is critical to Plaintiff's claims is not what benefits the plan participants were entitled to under their ERISA plans but the relationship between Plaintiff and its out-of-network and in-network providers."); and Horizon Blue Cross Blue Shield of N.J. v. East Brunswick Surgery Ctr., 623 F.Supp.2d 568 (D.N.J. 2009), which also concerned allegedly fraudulent claims submitted to the insurer by out-of-network providers.

This Court previously concluded that the dispute over the definition of mechanical traction was sufficiently intertwined with the notion of covered benefits as set forth in the ERISA

Plans to justify complete preemption, and consequently to establish a colorable basis for federal subject matter jurisdiction. The Court has not changed its mind. However, the Court is willing to concede that this area of the law appears to be unsettled and that there exist substantial grounds for a difference of opinion on this issue.

c) Would an interlocutory appeal "materially advance the ultimate termination of the lawsuit?"

In response to this question, Plaintiffs argue that there is no guarantee of an expeditious resolution of this case in federal court given the difficulties that the parties have experienced in trying to agree upon a procedural schedule. Moreover, the consequences of a reversal of this Court's decision on appeal would mean a whole new trial in State court, with new legal theories and potentially contradictory evidentiary standards.

Defendants counter that the lawsuit is ordinary and simple, and not the kind of exceptional or rare case for which § 1292 certification is to be sparingly applied. In addition, an interlocutory appeal would halt the progress of the lawsuit, while the issue of jurisdiction is being considered by the First Circuit. Defendants quote this Court's earlier decision stating that section "1292(b) review should only be granted in rare cases where the savings of costs to the litigants and increase in judicial efficiency is great." Cummins, 697 F.Supp. at 68.

This Court agrees with Defendants that this is not that rare case of "prolonged litigation for which a piecemeal appeal is justified."  Thompson Trading Ltd. v. Allied Lyons PLC, 124 F.R.D. 534, 538 (D.R.I. 1989).  The issues in this case appear to be straightforward, and the Court anticipates that several of the claims may fall into place when the central dispute over the definition of mechanical traction is resolved.  An interlocutory appeal at this juncture in the litigation would not advance the resolution of this lawsuit; on the contrary, it would delay its termination.

## Conclusion

For all these reasons, the Court denies Plaintiff's Motion to Reconsider its earlier ruling on federal subject matter jurisdiction pursuant to ERISA, and denies Plaintiff's Motion to Certify the matter for interlocutory appeal.

It is so ordered.


/s/ Ronald R. Lagueux
Ronald R. Lagueux
Senior United States District Judge
January  19, 2011